**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| AMERIS BANK,<br><br>        Plaintiff,<br><br>    v.<br><br>PATRICK E. BYRNE, THE PATRICK E. BYRNE REVOCABLE TRUST U/T/A DATED FEBRUARY 23, 2001, and THE PATRICK E. BYRNE IRREVOCABLE TRUST U/T/A DATED JULY 22, 2021,<br><br>        Defendants. | C.A. No. 26-190-JLH |

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION
TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

Plaintiff Ameris Bank ("Plaintiff" or "Ameris") respectfully requests that the Court consider the documents identified below that are either incorporated by reference into Plaintiff's Complaint (D.I. 1) (the "Complaint") or subject to judicial notice, in connection with Plaintiff's Opposition to Defendants' Partial Motion to Dismiss Plaintiffs' Complaint, filed contemporaneously herewith.

When evaluating a motion to dismiss under Rule 12(b)(6), courts may consider facts that are "incorporated by reference" or "subject to judicial notice." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Federal Rule of Evidence 201 further provides that a court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Under Federal Rule of Evidence 201, if requested by a party, a court must take judicial notice of documents that are not subject to reasonable dispute and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

1

questioned." *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002); *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (Alito, J.).  Judicial notice may be taken at any stage of the proceeding.  Fed. R. Evid. 201(d).

Exhibits 1-8 to the accompanying Declaration of Megan Ix Brison are subject to judicial notice because they are court filings.  *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 257, 259 (3d Cir. 1998).  A court may take judicial notice of public records outside the pleadings, and judicial proceedings from a different court or case are considered public records.  *Redick v. E Mortg. Mgmt., LLC*, 2013 WL 5461616, at *2 (D. Del. Sept. 30, 2013); *see also Natera, Inc. v. ArcherDX, Inc.*, 2020 WL 6043929, at *4 (D. Del. Oct. 13, 2020) (taking judicial notice of briefing and ruling in related action); *Telebrands Corp. v. 1ByOne Products, Inc.*, 2017 WL 5593785, at *1 n.1 (D. Del. Nov. 21, 2017) (taking judicial notice of documents filed in related action between same parties); *Takata v. Riot Blockchain, Inc.*, 2023 WL 7133219, at *1 n.2 (D.N.J. Aug. 25, 2023) (citing *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 292 (D.N.J. 2009)) (court "may take judicial notice of … court filings").  Exhibit 9 is incorporated by reference in the Complaint and is therefore subject to judicial notice.  *See Device Enhancement LLC v. Amazon.com., Inc.*, 189 F. Supp. 3d 392, 395 (D. Del. 2016).

Accordingly, Ameris respectfully requests that the Court consider Exhibits 1-9 identified below and attached to the Declaration of Megan Ix Brison.

| Exhibit 1: | Patrick Byrne's Complaint, dated September 16, 2024, and filed in *Patrick Byrne v. Ameris Bank,* Case No. 8:24-cv-01989- MWC- JDE (C.D. Cal.) |
| Exhibit 2: | Verdict Form, dated June 11, 2026, and filed in *Patrick Byrne v. Ameris Bank*, No. 24-cv-1989 (C.D. Cal.). |

Exhibit 3:    Ameris Bank's Complaint, dated May 7, 2025, and filed in *Ameris Bank v. Patrick E. Byrne, et al.*, C.A. No. N25C-05-071 KMM CCLD (Del. Super.).

Exhibit 4:    Ameris Bank's Direction for Entry of Judgment by Default, dated July 16, 2025, and filed in *Ameris Bank v. Patrick E. Byrne, et al.*, C.A. No. N25C-05-071 KMM CCLD (Del. Super.).

Exhibit 5:    Opposition of Patrick E. Byrne, The Patrick E. Byrne Revocable Trust U/T/A dated February 23, 2001, and The Patrick E. Byrne Irrevocable Trust U/T/A dated July 22, 2021 to Defendants' Motion to Vacate Default Judgment, dated November 26, 2025 and filed in in *Ameris Bank v. Patrick E. Byrne, et al.*, C.A. No. N25C-05-071 KMM CCLD (Del. Super).

Exhibit 6:    Patrick E. Byrne, The Patrick E. Byrne Revocable Trust U/T/A dated February 23, 2001, and The Patrick E. Byrne Irrevocable Trust U/T/A dated July 22, 2021's Motion to Vacate Default Judgment, dated October 27, 2025 and filed in *Ameris Bank v. Patrick E. Byrne, et al.,* C.A. No. N25C-05-071 KMM CCLD (Del. Super.).

Exhibit 7:    Opening Brief of Patrick E. Byrne, The Patrick E. Byrne Revocable Trust U/T/A dated February 23, 2001, and The Patrick E. Byrne Irrevocable Trust U/T/A dated July 22, 2021 in Support of Their Motion to Dismiss for Improper Venue, dated December 18, 2025, and filed in *Ameris Bank v. Patrick E. Byrne, et al.*, C.A. No. N25C-05-071 KMM CCLD (Del. Super.).

Exhibit 8:    First Amended Complaint of Patrick E. Byrne, The Patrick E. Byrne Revocable Trust U/T/A dated February 23, 2001, and The Patrick E. Byrne Irrevocable Trust U/T/A dated July 22, 2021, dated May 18, 2026 and filed in *Patrick E. Byrne, et al., v. Ameris Bank*, C.A. No. 1:25-cv-1557-JLH (D. Del.).

Exhibit 9:    Email chain between P. Byrne, N. Stokes, J. Spencer, J. LaHaise, and P. Silva between July 17, 2023 and November 15, 2023.

3

|  | **SMITH, KATZENSTEIN & JENKINS LLP** |
|---|---|

*Of Counsel*:

Benjamin J. Razi
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
brazi@cov.com

Robert C. Gianchetti
**COVINGTON & BURLING LLP**
30 Hudson Yards
New York, NY 10001
(212) 841-1000
rgianchetti@cov.com

By:  /s/ *Megan Ix Brison*
Elizabeth Wilburn Joyce (DE Bar #3666)
Megan Ix Brison (DE Bar #6721)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
ewj@skjlaw.com
mib@skjlaw.com

*Attorneys for Plaintiff Ameris Bank*

Dated: July 23, 2026

4