

Megan Ix Brison
Direct Dial: (302) 504-1646
Email: mib@skjlaw.com

**Via CM/ECF**                                                                August 4, 2026

The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 17, Room 6312
Wilmington, DE 19801-3555

Re:   *Ameris Bank v. Patrick E. Byrne, et al.*, No. 1:26-cv-00190-JLH (D. Del.)

Dear Judge Hall:

      In accordance with the Court's May 20, 2026 Oral Order, Plaintiff Ameris Bank ("Plaintiff" or "Ameris") and Defendants Patrick E. Byrne, The Patrick E. Byrne Revocable Trust U/T/A dated February 23, 2001, and The Patrick E. Byrne Irrevocable Trust U/T/A dated July 22, 2021 (collectively, "Defendants"), by and through their respective counsel, submit the enclosed Proposed Scheduling Order consistent with the Court's Rule 16 Scheduling Order Non-Patent, and the following items requested by the Court.

### A.      Description of the Case

      In its Complaint dated February 20, 2026 (the "Complaint," D.I. 1), Ameris alleges that, in December 2021, Ameris acquired all of the outstanding shares of capital stock of Balboa Capital Corporation ("Balboa") from Defendants through a Stock Purchase Agreement (the "SPA"). As part of the SPA, Ameris alleges that Defendants agreed to indemnify Ameris for contractually defined "Losses," including costs and legal expenses incurred by Ameris in connection with several pending lawsuits involving Balboa as of the time of the SPA's execution. As of February 2026, Ameris alleges that its losses incurred in connection with these Balboa-related lawsuits span over $1.8 million. Ameris asserts three claims against Defendants in this action related to Defendants' alleged indemnification obligations and commitments: Indemnification (Count I.A); Breach of Contract (Count I.B); and Promissory Estoppel (Count II).

      On May 19, 2026, Defendants filed a partial motion to dismiss Counts I.B (Breach of Contract) and II (Promissory Estoppel) of the Complaint. *See* D.I. 11. On July 23, 2026, Ameris filed its answering brief. *See* D.I. 29. Defendants' reply is due August 21, 2026. Defendants have not filed an Answer to Count I.A (Indemnification), which they have not moved to dismiss.

      This action is related to another proceeding in this Court between the same parties, *Patrick E. Byrne, et al. v. Ameris Bank*, No. 1:25-cv-01557-JLH (D. Del.) (the "Byrne Delaware Litigation"). In the Byrne Delaware Litigation, the same Defendants in this action assert claims against Ameris for fraudulent inducement and equitable fraud relating to the same SPA at issue in this action. In the Byrne Delaware Litigation, the Defendants here assert that Ameris fraudulently induced Defendants into entering the SPA based on alleged representations concerning Ameris's intent to comply with a separate alleged contract between the parties, a "Long-Term Incentive Plan," or "LTIP." Defendants seek rescission or reformation of the SPA and/or its indemnification provisions. Defendants also assert a claim for breach of Section 10.8 of the SPA based on Ameris's

original filing of its affirmative lawsuit for breach of the SPA indemnification provision in the Delaware Superior Court.

On July 23, 2026, Ameris moved to dismiss Defendants' First Amended Complaint in the Byrne Delaware Litigation. Defendants' answering brief is due September 30, 2026. Ameris's reply is due October 30, 2026.

## B.    Parties' Positions Regarding any Disputes in the Proposed Scheduling Order

**Plaintiff:** Ameris submits that it would be most efficient and practical—for the Court and the parties—for the case deadlines to run from the resolution of (i) Defendants' pending partial motion to dismiss in this action and (ii) Ameris's pending motion to dismiss in the Byrne Delaware Litigation. As explained in the parties' briefing on the motions to dismiss, the two related actions are inextricably intertwined. In this action, Ameris seeks indemnification from Defendants pursuant to the SPA. In the Byrne Delaware Litigation, Defendants assert that the SPA—and Defendants' indemnification obligations thereunder—should be rescinded due to alleged fraudulent inducement. Ameris understands that Defendants' theory of alleged fraud at issue in the Byrne Delaware Litigation will form the basis of certain affirmative defenses that will be asserted against Ameris's claim for indemnification here.

The outcome of the motions to dismiss will therefore have a substantial impact on the scope of the claims and defenses at issue in these two related lawsuits, and the scope of necessary discovery. If, for example, the Court were to dismiss Defendants' fraudulent inducement claims in the Byrne Delaware Litigation as a matter of law, there would be no need for discovery into such claims or related affirmative defenses, and it would be entirely wasteful for the parties to embark on months of burdensome discovery into defective legal theories.[1] For that reason, Ameris will be filing motions to stay discovery in the two actions pending resolution of Defendants' partial motion to dismiss and Ameris's motion to dismiss in the Byrne Delaware Litigation.[2]

Ameris submits that a maximum of 25 interrogatories (including subparts)—the default under the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 33(a)(1)—and 25 requests for admission is more than sufficient to address the parties' potential written discovery needs.

---

[1] Defendants argue that the deadlines should not run from decisions on the pending motions to dismiss because briefing is not set to conclude until later this month and October, respectively. Defendants conveniently ignore, however, that this is a problem of their own making. Defendants *asked* Ameris to agree to lengthy extensions of the remaining briefing schedule to accommodate their own scheduling conflicts, including an expedited trial in another matter. Defendants should not be permitted to weaponize their own conflicts against Ameris here. And Ameris has declined to stipulate to Defendants' proposed second amendment of their complaint in the Byrne Delaware Litigation because they have already had the opportunity to amend and any further amendment would be futile, and so that the Court can rule on the current motion, which will likely limit the issues, if any, for which discovery is needed.

[2] Defendants' linking the Byrne Delaware Litigation to the California litigation itself confirms Ameris's argument from its motion to dismiss that the Byrne Delaware Litigation should be dismissed as duplicative.

**Defendants:**  Deadlines should run from the date the Court enters the Proposed Scheduling Order.  "[T]he mere filing of a motion to dismiss does not stay discovery."  *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019).  Here, Ameris's proposal stays the entire case schedule, including discovery, pending the resolution of two motions to dismiss.  But Ameris has not filed a motion to stay in either action or demonstrated good cause to depart from the default rule.  And this action is *guaranteed* to move forward regardless.

Ameris's fraudulent conduct in connection with the LTIP and the SPA are critical components of Defendants' Complaint in the Byrne Delaware Litigation and Defendants' defenses here.  On June 12, 2026, a California jury found that "Ameris acted with malice, oppression, or fraud" in an action relevant to the Byrne Delaware Litigation[3] arising from Ameris's retaliatory termination of Defendant Byrne after he raised concerns about Ameris's LTIP calculations.  *See Patrick Byrne v. Ameris Bank,* Case No. 8:24-cv-01989-MWC-JDE (C.D. Cal.), D.I. 227 at 8; D.I. 246 ¶ 27.  The jury found in part that Ameris willfully miscalculated the LTIP bonus pool for performance periods 2022 and 2023, awarding Byrne $82,190,147.60 in total damages, including $62,906,613 in punitive damages.  (D.I. 227 at 8; D.I. 246 ¶¶ 11-12, 26-27, 30, 42, 46).

Defendants will seek leave to amend their complaint to reflect additional allegations, including those concerning aspects of the California litigation.  Given that leave to amend is freely given when justice so requires, discovery in the Byrne Delaware Litigation is substantially likely to move forward alongside the present action.  Accordingly, case deadlines should not be delayed to a presently indeterminate time as Ameris proposes—Defendants should be afforded the opportunity to promptly engage in discovery in furtherance of both actions.  Otherwise, given the current briefing deadlines and the likelihood of briefing on a second amended complaint followed by another round of motion to dismiss briefing in the Byrne Delaware Litigation, briefing likely will not conclude until sometime in 2027.[4]  Staying deadlines under these circumstances is neither efficient nor practical.

Defendants respectfully submit that 35 interrogatories and 35 requests for admission per side, rather than 25 of each, are appropriate given the complexity of the claims and defenses at issue.

C.     **List of Other Issues the Parties Request to be Addressed at the Court's Rule 16 Scheduling Conference**

The parties presently do not anticipate any other issues to be addressed at a Rule 16 Scheduling Conference.

---

[3] Ameris sought to have the Byrne Delaware Litigation stayed on the basis that "[a]ny ruling on" the issues in California "would impact and inform the claims" there.  *See Patrick E. Byrne et al. v. Ameris Bank*, Case No. 1:25-cv-1557-JLH (D.I. 11 at 19).

[4] Defendants sought to avoid double-tracking simultaneous briefing by asking Ameris to either stipulate to the filing of a second amended complaint or stay briefing on Ameris's motion to dismiss pending resolution of a motion for leave to amend, but Ameris did not agree.

Respectfully submitted,

| | |
|---|---|
| SMITH, KATZENSTEIN & JENKINS LLP | REED SMITH LLP |
| | |
| */s/ Megan Ix Brison* | */s/ Benjamin P. Chapple* |
| Elizabeth Wilburn Joyce (No. 3666) | Benjamin P. Chapple (No. 5871) |
| Megan Ix Brison (No. 6721) | John T. Miraglia (No. 6682) |
| 1000 N. West Street, Suite 1501 | 1201 North Market Street, Suite 1500 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 652-8400 | (302) 778-7500 |
| ewj@skjlaw.com | bchapple@reedsmith.com |
| mib@skjlaw.com | jmiraglia@reedsmith.com |
| | |
| OF COUNSEL | OF COUNSEL |
| | |
| Benjamin J. Razi (*pro hac vice*) | Stacey A. Villagomez (*pro hac vice*) |
| Covington & Burling LLP | Allen Matkins |
| One CityCenter | 2010 Main Street, 8th Floor |
| Washington, DC 20001 | Irvine, CA 92614 |
| (202) 662-5463 | (213) 955-5637 |
| brazi@cov.com | svillagomez@allenmatkins.com |
| | |
| Robert C. Gianchetti (*pro hac vice*) | Matthew T. Sessions (*pro hac vice*) |
| Covington & Burling LLP | Allen Matkins |
| 30 Hudson Yards | 2010 Main Street, 8th Floor |
| New York, NY 10001 | Irvine, CA 92614 |
| (212) 841-1159 | (949) 553-1313 |
| rgianchetti@cov.com | msessions@allenmatkins.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

4