SMITH KATZENSTEIN JENKINS LLP

Megan Ix Brison
Direct Dial: (302) 504-1646
Email: mib@skjlaw.com

**Via CM/ECF**

August 21, 2026

The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 17, Room 6312
Wilmington, DE 19801-3555

**Re: *Ameris Bank v. Patrick E. Byrne, et al.*, No. 1:26-cv-00190-JLH (D. Del.)**

Dear Judge Hall:

In accordance with the Court's August 7, 2026 Oral Order (D.I. 36), Plaintiff Ameris Bank ("Plaintiff" or "Ameris") and Defendants Patrick E. Byrne, The Patrick E. Byrne Revocable Trust U/T/A dated February 23, 2001, and The Patrick E. Byrne Irrevocable Trust U/T/A dated July 22, 2021 (collectively, "Defendants" or the "Byrne Defendants"), by and through their respective counsel, submit the enclosed Proposed Order to Consolidate and Scheduling Order and provide their respective positions regarding one issue related to the consolidation on which they have been unable to reach agreement.

The parties have reached an agreement to consolidate this action (the "Ameris Litigation") with the related action pending between the same parties in this Court, *Patrick E. Byrne, et al. v. Ameris Bank*, No. 1:25-cv-01557-JLH (D. Del.) (the "Byrne Litigation"). The only issue that remains is which action will be designated the lead action following consolidation.

**Plaintiff:** Ameris respectfully submits that this action—Ameris's affirmative litigation against the Byrne Defendants—should be designated the lead action for two primary reasons: (1) the Byrne Litigation contains responsive claims to those asserted by Ameris in this action, and which the Byrne Defendants intend to raise as affirmative defenses here; and (2) this action is guaranteed to go forward.[1]

*First*, as the Court correctly observed, the Byrne Litigation includes "mirror image/*responsive* claims" to those asserted by Ameris in this action. *See* D.I. 36 (emphasis added). In the Ameris Litigation, Ameris asserts claims against the Byrne Defendants related to the Byrne Defendants' (i) obligations under the parties' Stock Purchase Agreement ("SPA") to indemnify Ameris for costs and legal expenses incurred by Ameris in connection with several pending lawsuits involving Balboa Capital Corporation as of the time of the SPA's execution and (ii) separate and independent commitments made in November 2023 to indemnify Ameris for

[1] On August 14, 2026, the parties met and conferred to discuss the Court's August 7 Order. On that call, the parties discussed that they would defer a determination of the lead action until after the parties' motions to dismiss were resolved. On August 18, 2026, the Byrne Defendants circulated a draft consolidation and scheduling order, which proposed that the Byrne Litigation be deemed the lead action. At no point on the parties' August 14 meet-and-confer did the parties agree that the Byrne Litigation would be designated the lead action. As the Byrne Defendants would not agree to (i) defer determination of the lead action or (ii) designate the Ameris Litigation as the lead action as Ameris believes is warranted, the parties have sought the Court's guidance on this issue.

those losses. *See* D.I. 1. Ameris first asserted these claims in the Delaware Superior Court in May 2025—prior to the Byrne Defendants' filing of the Byrne Litigation in December 2025—and later re-filed its claims in this Court in February 2026. *See* D.I. 29 at 6.

In response to Ameris's commencement of litigation in Delaware in May 2025 to enforce its indemnification rights, the Byrne Defendants commenced the Byrne Litigation seeking to invalidate those same indemnification rights. In the Byrne Litigation, the Byrne Defendants seek rescission and/or reformation of the SPA to void the indemnification provisions giving rise to certain of Ameris's affirmative claims here. They also assert a claim for breach of Section 10.8 of the SPA in response to Ameris's original filing of its affirmative lawsuit in the Delaware Superior Court. Thus, by the very nature of the parties' claims, Ameris is pursing affirmative claims to enforce its indemnification rights while the Byrne Litigation seeks to invalidate those rights.

Even though the Byrne Litigation was technically filed in this Court shortly before the Ameris Litigation, the timing of the parties' respective filings in this Court is irrelevant in light of Ameris's May 2025 Superior Court Complaint and the mirror image/responsive nature of the claims in the Byrne Litigation, which the Byrne Defendants have confirmed. *See* D.I. 35 at 3 (stating that Ameris's alleged conduct at issue in the Byrne Litigation gives rise not just to the Byrne Litigation but also to "Defendants' defenses here"). By any measure, the Byrne Defendants should be viewed as defendants in a consolidated action.

*Second*, it is not even clear at this juncture whether the Byrne Litigation will survive. Ameris has moved to dismiss the entirety of that action. In the event that the Byrne Defendants seek and are granted leave to amend a second time, Ameris will likely move to dismiss the entirety of their case again. On the other hand, there is only a partial motion to dismiss pending in the Ameris Litigation. Ameris's primary claim for indemnification will move forward. For that reason, even the Byrne Defendants have conceded that "this action"— the Ameris Litigation—"is *guaranteed* to move forward regardless" of the outcome of the Byrne Defendants' partial motion to dismiss. *See* D.I. 35 at 3 (emphasis in original). This alone militates in favor of designating the Ameris Litigation as the lead action. To the extent any claims in the Byrne Litigation survive Ameris's motion to dismiss, those claims can be restyled as counterclaims in a consolidated pleading—the same way the Byrne Defendants have indicated that their claims in the Byrne Litigation will give rise to "defenses here" even absent consolidation.[2]

In sum, Ameris pursued indemnification claims against the Byrne Defendants in Delaware court. In response, the Byrne Defendants filed "mirror image/responsive claims" seeking to preclude those indemnification claims and challenging Ameris's prior filing of litigation in the Delaware Superior Court. The Ameris Litigation is, by the Byrne Defendants' own admission, "*guaranteed* to move forward." The Byrne Litigation is subject to a pending motion to dismiss that case in its entirety. To the extent any claims survive Ameris's motion to dismiss, those claims can be asserted as counterclaims in a consolidation action, alongside the same affirmative defenses

[2] In insisting that the Byrne Litigation be designated the lead action, the Byrne Defendants have also argued the fact that Mr. Byrne is the plaintiff in a prior action in California federal court between Mr. Byrne personally and Ameris is somehow relevant. That Mr. Byrne personally brought employment-related claims against Ameris in California federal court in 2024 has no bearing on which of the two pending Delaware actions concerning indemnification should be deemed the lead action. If anything, the Byrne Defendants' repeated invocation of the California action in Delaware continues to confirm that the Byrne Litigation improperly duplicates matters that were already litigated in California.

that the Byrne Defendants intend to assert in the Ameris Litigation. Accordingly, the Ameris Litigation should be designated the lead action following consolidation.

**Defendants:** The Byrne Defendants respectfully submit that the Byrne Litigation should be designated the lead action given that the Byrne Litigation was the first-filed action in this District. Ameris's arguments to the contrary are unavailing.

*First*, the Byrne Defendants did not commence the Byrne Litigation in response to Ameris's commencement of litigation in Delaware as Ameris claims. The Byrne Defendants commenced the Byrne Litigation because of Ameris's misconduct relating to the SPA.

*Second*, while it is true that the Ameris Litigation is subject only to a partial motion to dismiss, the Byrne Defendants strongly disagree that "it is not even clear at this juncture whether the Byrne Litigation will survive." Putting aside the strength and fact-intensive nature of the Byrne Defendants' fraud claims, *see* D.I. 35 at 3, there is virtually no question, in the Byrne Defendants' view, that their breach of contract claim under Section 10.8 of the SPA will survive Ameris's motion to dismiss. Despite Ameris's limited attempts in its Opening Brief in Support of its Motion to Dismiss (D.I. 28) to argue otherwise, it is well-established under Delaware law that: (i) a defendant can recover damages in connection with a breach of a forum selection clause; and (ii) the dismissal of the first-filed action does not foreclose the defendant from recovering the damages it suffered prior to dismissal. *See Namdar v. Fried*, 340 A.3d 1184, 1191 (Del. Ch. 2025). Any notion that Ameris did not breach the SPA's forum selection clause is belied by Ameris's own conduct—Ameris voluntarily dismissed its Superior Court action in response to the Byrne Defendants' motion to dismiss the same for improper venue and instead re-filed its action in this Court. *See Ameris Bank v. Patrick E. Byrne et al.*, C.A. No. N25C-05-071 KMM CCLD (Del. Super. Ct.) (Dkts. 17, 21). Given the aforementioned facts and principles of law, when analyzed against the notice-pleading standard applicable to breach of contract claims, the notion that the future survival of the Byrne Litigation is in doubt is simply wrong. Neither of Ameris's arguments militate in favor of designating the Ameris Litigation as the lead case. The Byrne Litigation was the first-filed action among the parties in this Court and should serve as the lead consolidated action.[3]

---

[3] The Byrne Defendants separately take significant issue with Ameris's claims in footnote 2, *supra*. The parties agreed that the Byrne Defendants would be responsible for drafting the initial draft of the consolidated scheduling order and they sent a copy of the same to Ameris's counsel on Tuesday, August 18. The Byrne Defendants at that time proposed that the Byrne Litigation would be designated lead case, given that it was the first-filed action in this Court. Ameris's counsel responded that, in its view, "Ameris should be the 'plaintiff' and Ameris's action should be the 'lead' action, given that Mr. Bryne's claims were filed in response to Ameris's claim for indemnification." The Byrne Defendants responded and made clear that Ameris's characterization of their reasons for filing their claims against Ameris was incorrect. Ameris's counsel responded that "[i]f Mr. Byrne will not agree that Ameris's affirmative suit be designated the 'lead' action, then we intend to submit this as a disputed issue in the joint letter to accompany the parties' proposed order on Friday." It thus was Ameris who first insisted that the Ameris Litigation serve as the lead case, necessitating this Court's intervention. Moreover, Ameris's claim that "the Byrne Defendants' repeated invocation of the California action in Delaware continues to confirm that the Byrne Litigation improperly duplicates matters that were already litigated in California" is disingenuous at best, given that Section 10.8 of the SPA designates this Court and the Delaware Court of Chancery as the "exclusive" venues "for the purposes of any Action arising out of [the SPA]." And to the extent that Ameris's first footnote suggests or implies that the parties had *agreed* during their meet-and-confer that they would defer a determination of the lead action until after the parties' motions to dismiss were resolved,

(continued…)

Respectfully submitted,

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Megan Ix Brison*
Elizabeth Wilburn Joyce (No. 3666)
Megan Ix Brison (No. 6721)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
ewj@skjlaw.com
mib@skjlaw.com

OF COUNSEL

Benjamin J. Razi (*pro hac vice*)
Covington & Burling LLP
One CityCenter
Washington, DC 20001
(202) 662-5463
brazi@cov.com

Robert C. Gianchetti (*pro hac vice*)
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001
(212) 841-1159
rgianchetti@cov.com

*Counsel for Plaintiff*

REED SMITH LLP

*/s/ Benjamin P. Chapple*
Benjamin P. Chapple (No. 5871)
John T. Miraglia (No. 6682)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7500
bchapple@reedsmith.com
jmiraglia@reedsmith.com

OF COUNSEL

Stacey A. Villagomez (*pro hac vice*)
Allen Matkins
2010 Main Street, 8th Floor
Irvine, CA 92614
(213) 955-5637
svillagomez@allenmatkins.com

Matthew T. Sessions (*pro hac vice*)
Allen Matkins
2010 Main Street, 8th Floor
Irvine, CA 92614
(949) 553-1313
msessions@allenmatkins.com

*Counsel for Defendants*

---

the Byrne Defendants disagree with that characterization—it is not consistent with the Byrne Defendants' counsel's recollections. The Byrne Defendants' counsel conveyed to Ameris's counsel on Wednesday, August 19, that it was neither workable nor consistent with this Court's expectations, in counsel's view, to have a consolidated action without a lead case or consolidated caption.