ReedSmith
Benjamin P. Chapple
Direct Phone: +1 302 778 7516
Email: bchapple@reedsmith.com

Reed Smith LLP
1201 North Market Street
Suite 1500
Wilmington, DE 19801-1163
+1 302 778 7500
Fax +1 302 778 7575
reedsmith.com

August 26, 2026

The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 17, Room 6312
Wilmington, DE 19801-3555

**Re: *Ameris Bank v. Byrne et al.*, Case No. 1:26-cv-00190-JLH (Consolidated) (D. Del.)**

Dear Judge Hall:

I write on behalf of Defendants/Counterclaim Plaintiffs Patrick E. Byrne, The Patrick E. Byrne Revocable Trust U/T/A dated February 23, 2001, and The Patrick E. Byrne Irrevocable Trust U/T/A dated July 22, 2021 (collectively, "Sellers") regarding a scheduling dispute the parties have been unable to resolve regarding the impact of Sellers' forthcoming Motion for Leave to File Second Amended Complaint (the "Motion for Leave") on the current schedule governing briefing (D.I. 32) on Ameris's pending Motion to Dismiss (the "MTD") the First Amended Complaint (the "FAC") (D.I. 27). Specifically, Sellers' position is that briefing on the MTD should be stayed pending resolution of the Motion for Leave, in the interests of efficiency and judicial economy; Ameris' disagrees. The parties have been unable to resolve their dispute despite meeting and conferring, including during a video teleconference (attended by the parties' Delaware counsel) on August 24, 2026.

***Background:*** Sellers filed the First Amended Complaint (the "FAC") against Plaintiff/Counterclaim Defendant Ameris Bank ("Ameris") on May 18, 2026, D.I. 17, alleging that: (i) Ameris fraudulently induced Sellers into the SPA by misrepresenting their intent to comply with the LTIP; and (ii) Ameris breached the SPA's mandatory forum selection clause by initiating litigation against Sellers (under the SPA) in the Delaware Superior Court, rather than this Court. On July 23, Ameris filed its MTD, D.I. 27, challenging (among other things) the sufficiency of Sellers' fraud allegations—particularly, the adequacy of Sellers' allegations that Ameris never intended to comply with the LTIP. On July 29, the parties entered into a stipulated schedule governing briefing on the MTD, under which Sellers' answering brief is due by September 30 and Ameris's reply is due by October 30. D.I. 32.

In negotiating the MTD briefing schedule, Sellers indicated they intended to seek leave to file a Second Amended Complaint (the "SAC") to address certain of the issues raised by the MTD. As Sellers made clear during the parties' meet and confer, these additional allegations would include testimony and other evidence from the trial in the California Action—which did not conclude until June 2026, approximately one month *after* the FAC was filed.[1] These amended allegations would include the jury's verdict itself, which found that Ameris breached the LTIP and that it had acted "with malice, oppression, or fraud."[2] Sellers asked Ameris if it would be willing to stipulate to the filing of the SAC, but Ameris

[1] The "California Action" refers to the action captioned Patrick Byrne v. Ameris Bank, Case No. 8:24-cv-01989-MWC-JDE (C.D. Cal.).

[2] D.I. 29-4.

refused. Alternatively, Sellers asked if Ameris would agree to stay briefing on the MTD pending resolution Sellers' forthcoming Motion for Leave, in the hopes of potentially obviating needless briefing; Ameris again refused.

***Sellers' Position:*** Sellers respectfully submit that this Court should exercise its inherent discretion to manage its docket by staying the current deadlines for briefing on the MTD, pending resolution of Sellers' forthcoming Motion for Leave—which Sellers intend to file on or before September 30, 2026 (i.e., the current deadline for their answering brief).[3] Staying briefing on the MTD is the most efficient path forward because, if the Motion for Leave is granted, the MTD would be rendered by the filing of the SAC. Additionally, because this Court applies the same Rule 12(b)(6) standard for purposes of assessing futility, a decision on the Motion for Leave could potentially streamline (or even obviate) subsequent briefing on a motion to dismiss the SAC.[4]

Briefing the MTD in conjunction with the Motion for Leave, on the other hand, would be an inefficient use of the parties' and the Court's limited resources. To the extent the Court is inclined to dismiss any portion of the FAC, it would then need to analyze the contents of the SAC to assess whether amendment would be futile. First resolving the Motion for Leave will streamline the Court's ultimate analysis as to the merits of Sellers' allegations by confining that analysis to one pleading (rather than two).

* * *

For the foregoing reasons, Sellers respectfully request that this Court: (i) stay briefing on the MTD pending resolution of Sellers' forthcoming Motion for Leave; (ii) direct Sellers to file the Motion for Leave, along with an opening brief in support thereof (and their proposed SAC) on or before September 30, 2026; and (iii) direct the parties to promptly meet and confer regarding the remaining briefing schedule governing the Motion for Leave.

Very truly yours,

*/s/ Benjamin P. Chapple*

Benjamin P. Chapple (No. 5871)

BPC:dnw

cc: Matthew T. Sessions (*pro hac vice*)
Stacey A. Villagomez (*pro hac vice*)

---

[3] *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control … are committed to the sound discretion of the district court.");

[4] "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 212 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).