SMITH KATZENSTEIN JENKINS LLP

Megan Ix Brison
Direct Dial: (302) 504-1646
Email: mib@skjlaw.com

**<u>Via CM/ECF</u>** August 27, 2026

The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 17, Room 6312
Wilmington, DE 19801-3555

**Re: *Ameris Bank v. Patrick E. Byrne, et al.*, No. 1:26-cv-00190-JLH (D. Del.) (Consolidated)**

Dear Judge Hall:

We write on behalf of Plaintiff Ameris Bank ("Ameris") in response to Defendants' letter, dated August 26, 2026, requesting that this Court "(i) stay briefing on the MTD pending resolution of [Defendants'] forthcoming Motion for Leave; (ii) direct [Defendants] to file the Motion for Leave, along with an opening brief in support thereof (and their proposed SAC) on or before September 30, 2026; and (iii) direct the parties to promptly meet and confer regarding the remaining briefing schedule governing the Motion for Leave." D.I. 40. Ameris respectfully submits that Defendants' request should be denied, and the parties should be directed to proceed with the remaining briefing on Ameris's pending motion to dismiss based on the schedule to which the parties agreed and the Court ordered.

To date, Defendants have already amended their complaint once and mooted a motion to dismiss filed by Ameris. On March 26, 2026, Ameris moved to dismiss Defendants' initial complaint in the Byrne Litigation, No. 25-cv-1557 (D. Del.). In response to Ameris's motion to dismiss, on May 18, 2026, Defendants filed a First Amended Complaint, thereby mooting Ameris's motion. On June 1, 2026, the parties stipulated that Ameris would respond to the First Amended Complaint by July 23, 2026.

On July 23, 2026, Ameris yet again moved to dismiss Defendants' complaint in its entirety. On July 29, 2026, to accommodate counsel for Defendants' purported scheduling conflicts, including an expedited trial in another matter, Ameris agreed to Defendants' request that Defendants' deadline to oppose Ameris's motion to dismiss be extended until September 30, 2026. At no point did Ameris agree that Defendants could use those two additional months to prepare and file a further amended complaint in lieu of opposing Ameris's pending motion to dismiss. The Court entered the parties' briefing schedule on July 30, 2026.

Now, with the benefit of a full two-month window to oppose Ameris's pending motion to dismiss, Defendants ask this Court to stay the agreed-upon and court-ordered briefing schedule on Ameris's motion, to allow Defendants time to move to amend their complaint yet again, in an attempt to moot yet another motion to dismiss filed by Ameris. This would represent the second time that Defendants have obtained an early preview of Ameris's arguments for dismissal and

attempted to plead around them prior to this Court's resolution of Ameris's motion. Ameris respectfully submits that the most efficient and equitable course would be for Defendants to oppose Ameris's pending motion to dismiss on September 30, as scheduled. If Defendants believe that further amendment could remedy the substantial and numerous pleading defects identified by Ameris in its motion to dismiss, they are welcome to argue that to this Court and urge that the Court dismiss their claims without prejudice. But it would be entirely unfair to Ameris to allow Defendants to upend the briefing on Ameris's motion to dismiss for a second time, rather than simply allowing the remaining briefing on Ameris's pending motion to play out in the normal course.

Defendants attempt to justify their request to stay further motion to dismiss briefing on the premise that they intend to supplement their current allegations with additional allegations "includ[ing] testimony and other evidence from the trial in the California Action—which did not conclude until June 2026, approximately one month after the FAC was filed." Defendants conveniently ignore, however, that the California litigation concluded, and the purportedly crucial jury verdict was entered in that action, on ***June 11, 2026***—almost a month and a half *before* Ameris filed its motion to dismiss in the Byrne Litigation on July 23. Indeed, Ameris attached the jury verdict in the California litigation as an exhibit to its motion to dismiss. If, according to Defendants, the trial in the California action supposedly remedies the pleading defects identified by Ameris in its pending motion to dismiss—which Ameris by no means concedes—then there is no reason why Defendants could not have sought leave to amend at any point between June 11 and July 23, prior to Ameris's filing of its motion to dismiss at great cost and expense. Defendants chose not to, and in the process have obtained yet another sneak preview of Ameris's arguments in favor of dismissal without offering any response to those arguments. Moreover, it is not remotely clear that Defendants' putative amendment would remedy all of the pleading issues identified by Ameris in its motion.[1] Defendants conspicuously assert that their contemplated Second Amended Complaint would "address *certain* of the issues raised by the MTD." (Emphasis added). That Defendants are unable to represent to this Court that their proposed amendment would remedy *all* issues raised by Ameris's motion to dismiss alone confirms that Defendants' request to stay briefing on the pending motion is unwarranted. As best as Ameris can tell based on Defendants' letter, the potential amendment might address "the adequacy of [Defendants'] allegations that Ameris never intended to comply with the LTIP." Even if that were true, which neither Ameris nor this Court has any way of knowing, that is just one of several independent bases for dismissal of the First Amended Complaint raised in Ameris's motion.

That Defendants seek to file their motion for leave to amend potentially as late as September 30—the current deadline for their opposition to Ameris's motion to dismiss—would mean that Defendants would have the benefit of over two full months to study Ameris's motion to

[1] Despite Ameris's repeated requests, Defendants have not shared any draft Second Amended Complaint with Ameris, preventing Ameris from verifying Defendants' *ipse dixit* that the putative Second Amended Complaint would even address "certain" of the issues raised by Ameris's motion to dismiss. Of course, Ameris could not "stipulate" to the filing of a further amended pleading that it has not seen.

dismiss and prepare yet another amended pleading.[2] If Defendants' interest is in the "most efficient" use of the parties and the Court's "limited resources," "the most efficient path forward" is to continue briefing on the pending motion before this Court.[3] If, in ruling on that pending motion, the Court finds that Defendants can potentially state a claim for relief but have not yet done so in the First Amended Complaint, then Defendants can pursue further amendment at that time. But there is no reason to stay all briefing on the pending motion to allow Defendants to seek leave to file yet another amended complaint that, at best, might only "address *certain* of the issues raised by" Ameris's motion to dismiss. (Emphasis added).

Ameris has incurred significant cost and expense moving twice to dismiss Defendants' complaint. Rather than addressing Ameris's arguments on their merit, Defendants have instead sought to prolong indefinitely a ruling by this Court on the viability of Defendants' claims and keep a moving target for Ameris to shoot at. Defendants have already amended once. Any further amendment should only be permitted if, in ruling on Ameris's pending motion to dismiss, the Court were to conclude that any dismissal of Defendants' claims be without prejudice.

Respectfully submitted,

*/s/ Megan Ix Brison*

Megan Ix Brison (No. 6721)

*Counsel for Ameris Bank*

cc: Benjamin P. Chapple (via CM/ECF)
John T. Miraglia (via CM/ECF)

---

[2] This request is all the more unreasonable given Defendants' assertion that they have "intended" to amend their complaint as early as the negotiation of "the MTD briefing schedule," which negotiation concluded on July 29 when the parties filed their stipulation extending Defendants' opposition deadline to September 30. It has now been over four weeks, and Defendants have yet to file any motion for leave to amend or proposed amended complaint. And Defendants evidently agreed to a motion to dismiss briefing schedule while knowing that they would later seek to disrupt that same schedule.

[3] Defendants suggest that briefing a motion for leave to amend would be "most efficient" because such motion would involve "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Defendants overlook, however, that a motion for leave to amend would introduce yet more issues that would need to be briefed and resolved, including Defendants' "undue delay, bad faith, [and] dilatory motive" in seeking a further amendment in the current posture, along with the "prejudice" to Ameris, each of which "could justify a denial of leave to amend" as confirmed by the very authority on which Defendants rely. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).