**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMERIS BANK,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>PATRICK E. BYRNE, THE PATRICK E. BYRNE REVOCABLE TRUST U/T/A DATED FEBRUARY 23, 2001, and THE PATRICK E. BYRNE IRREVOCABLE TRUST U/T/A DATED JULY 22, 2021,<br><br>Defendants/Counterclaim Plaintiffs. | C.A. No. 1:26-cv-00190-JLH<br><br>(Consolidated) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff/Counterclaim Defendant Ameris Bank ("Plaintiff") and Defendants/Counterclaim Plaintiffs Patrick E. Byrne, The Patrick E. Byrne Revocable Trust U/T/A dated February 23, 2021, and The Patrick E. Byrne Irrevocable Trust U/T/A dated July 22, 2021 ("Defendants," and along with Plaintiff, the "Parties"), expect discovery in the above captioned litigation (the "Action") to involve the disclosure of confidential, proprietary or private information within the meaning of Federal Rule of Civil Procedure 26(c)(1) for which special protection from public disclosure and use for any purpose other than this Action is warranted; and

WHEREAS, pursuant to Federal Rule of Civil Procedure 26(c), the Parties, through the undersigned counsel, stipulate to the terms of this Stipulated Protective Order ("Protective Order") to prevent unnecessary disclosure or dissemination of confidential information;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the approval of the Court, that the following provisions of this Protective Order shall govern disclosure and use by the parties of all documents, testimony, exhibits,

interrogatory answers, responses to requests to admit and any other materials and information disclosed or provided in the Action.

1. All Information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

2. When used in this Protective Order, the term:

(a) "Confidential Information" means information, documents, oral testimony or tangible things (regardless of how it is generated, stored, or maintained) that constitute, contain, reveal, or reflect confidential research, development, business, technical, operational, or commercial information or any other non-public information for which a good-faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law, including but not limited to any information that the Disclosing Party believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1), or that any Party reasonably believes to be subject to federal, state, or foreign data protection laws or other privacy obligations.

(b) "Highly Confidential Information" is a type of highly sensitive Confidential Information that the Disclosing Party believes in good faith constitutes technical or business information of a most sensitive nature, the disclosure of which is substantially likely to cause injury to the Disclosing Party, and therefore warrants restriction to even more limited access than Confidential Information.

(c) "Day" or "Days" shall have the same meaning as provided in Rule 6(a) of the Federal Rules of Civil Procedure.

(d) "Disclosing Party" shall refer to any party to this Action and any nonparty disclosing or producing Confidential Information or Highly Confidential Information in connection with this Action.

(e) "Discovery Material" shall refer to all items or information produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained, including, without limitation, documents, deposition testimony, pleadings, and exhibits.

(f) "Document" shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

(g) "Information" shall include individual documents and records (including associated metadata) whether on paper, film or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

(h) "Receiving Party" shall refer to any party to this Action and any nonparty that receives Confidential Information.

3. A Disclosing Party's designation of Discovery Material as Confidential Information or Highly Confidential Information constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation.

4. Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

(a) counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

(b) the parties, including in-house counsel, officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) experts, consultants, or investigators, including their staff who have signed the Acknowledgment attached hereto as Exhibit A;

(d) outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

(e) the Court, any court to which a party petitions for discovery of a nonparty, any appellate court, necessary court personnel, and jurors;

(f) court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action;

(g) during their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

(h) any mediator or arbitrator engaged by the named parties in connection with this Action;

(i) the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

(j) other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

5. A Disclosing Party may designate "Highly Confidential Information" under the terms of this Protective Order if such party in good faith reasonably believes that disclosure of the Highly Confidential Information to persons other than the following is substantially likely to cause injury to the Disclosing Party:

(a) counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

(b) in-house counsel employed by the parties who have signed the Acknowledgement attached hereto as Exhibit A;

(c) experts, consultants, or investigators, including their staff who have signed the Acknowledgment attached hereto as Exhibit A;

(d) outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

(e) the Court, any court to which a party petitions for discovery of a nonparty, any appellate court, necessary court personnel, and jurors;

(f) court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action;

(g) any mediator or arbitrator engaged by the named parties in connection with this Action;

(h) the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

(i) other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

6. Designation of documents or other material as containing Confidential or Highly Confidential Information as set forth in Paragraphs 4 and 5 of this Protective Order may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY on each page deemed Confidential or Highly Confidential, respectively, in a manner that does not interfere with the legibility of the document. When Confidential or Highly Confidential Information is disclosed in a form not appropriate for such placing or affixing, such Confidential or Highly Confidential Information shall be designated as Confidential or Highly Confidential in writing at the time it is delivered to the Receiving Party.

A party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party that conducted the inspection has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL.

After the Receiving Party has identified the documents it wants copied and produced, the Disclosing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order and affix the appropriate legend before producing the documents.

7. A Disclosing Party may designate as Confidential or Highly Confidential any portion of a transcript and/or recording from a deposition or a transcript and/or recording from other pretrial or trial proceedings deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential or Highly Confidential Information ("Confidential Testimony") either orally at the deposition or in writing no later than 10 days after receipt from the court reporter of the final deposition transcript and/or recording. During such 10-day period, the parties shall treat the entire transcript and/or recording as CONFIDENTIAL. The reporter shall mark CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential or Highly Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential or Highly Confidential. At the request of any party, the court reporter shall prepare a separate, original transcript that does not contain the Confidential Testimony. Copies of the transcript for counsel's use may contain both the Confidential Testimony and other testimony in a single volume. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential or Highly Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

The failure to timely designate deposition testimony as Confidential Testimony waives any such designation unless otherwise ordered by the Court or agreed in writing by all parties.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY.

8. Each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential or Highly Confidential Information shall be shown a copy of this Protective Order and be advised of its contents. Each such individual shall execute the written acknowledgement attached hereto as Exhibit A.

9. Any person or entity in possession of Confidential or Highly Confidential Information shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential or Highly Confidential Information is not further disclosed or used in any manner inconsistent with this Protective Order. The protections conferred by this Protective Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might disclose protected material to persons not authorized to receive such material.

10. Nothing in this Protective Order shall be construed as limiting a Disclosing Party's use of its own Confidential or Highly Confidential Information. In addition, nothing in this Protective Order shall prevent or in any way limit disclosure, use or dissemination of any Confidential or Highly Confidential Information that:

(a) is or became public knowledge, not in breach of this Protective Order;

(b) was acquired by a party from a nonparty having the right to disclose such information; or

(c) was learned by a party as a result of that party's independent efforts, investigation, or inquiry.

If a dispute arises as to disclosure limitations for any specific Confidential Information, the burden shall be on the party seeking unlimited disclosure to prove that such Confidential Information was lawfully obtained through the above means or sources.

11. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must, not later than three (3) days after learning of the disclosure, (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential or Highly Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

12. If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any Confidential or Highly Confidential Information, that Receiving Party must: (a) notify in writing the Disclosing Party within three (3) business days and provide it with a copy of the subpoena or court order; and (b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Protective Order. The Receiving Party is not obligated to challenge or appeal any order requiring production of Confidential and Highly Confidential Information, to subject itself to any penalties for noncompliance with any legal

process or order, or to seek any relief from this Court or any other court. Compliance by the Receiving Party with any order directing production of Confidential or Highly Confidential Information does not violate this Protective Order.

The Disclosing Party must notify the Receiving Party within 10 days of receiving the notice and accompanying information if it intends to seek a protective order from the court to avoid disclosure of the Confidential or Highly Confidential Information.

13. Inadvertent failure to designate materials as Confidential or Highly Confidential at the time of production may be remedied by supplemental written notice by the Disclosing Party. The Disclosing Party must notify the Receiving Party within 14 days after discovering that it inadvertently failed to designate the information as confidential. If such notice is given, all documents, materials, or testimony so designated shall be subject to this Protective Order as if they had been initially designated as Confidential or Highly Confidential, as applicable, to the extent that such documents, materials, or testimony fall within the definition of Confidential or Highly Confidential Information. Therefore, the Receiving Party should notify any nonparty to whom disclosure was made about the confidentiality designation.

The foregoing provision shall not apply to any documents that have already otherwise become publicly available.

14. When a Disclosing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Insofar as the parties are subject to an order or reach an agreement under Federal Rule of Evidence 502(d) or (e), such order or agreement is incorporated by reference herein with regard to the effect of disclosure of a communication or information covered by the attorney-client privilege, work product

protection, or another privilege or protection. This provision is not intended to modify whatever procedure may be established in such an order or stipulation.

15. No party shall be obligated to challenge the propriety of a designation of Confidential or Highly Confidential Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Confidential or Highly Confidential Information under this Protective Order, the objecting party shall notify the Disclosing Party in writing. Within 14 days of receipt of such notification, counsel for the disclosing party and the objecting party shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation of the Confidential or Highly Confidential Information. If, for whatever reason, the parties do not resolve their disagreement within that time period, the parties shall submit their dispute to the Court for resolution in accordance with the procedures set forth in Paragraph 12 of the Court's Scheduling Order in this matter. (D.I. 39 ¶ 12(g)).

16. Without written permission from the Disclosing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this Action any Confidential or Highly Confidential Information. However, this Protective Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file Confidential or Highly Confidential Information in connection with a motion, brief, or other submission to the court must comply with D. Del. LR 5.1.3 and the Court's Administrative Procedures Governing Filing and Service by Electronic Means governing the filing of sealed documents, including the requirement to file a public, redacted version of any sealed document within seven (7) days.

17. Within 60 days after the final disposition of this Action, including any appeals, each Receiving Party must either return all Confidential or Highly Confidential Information to the Disclosing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Confidential Information may have been reproduced or captured.

Whether the Confidential or Highly Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Disclosing Party by the 60-day deadline that (a) identifies (by category, where appropriate) all the Confidential or Highly Confidential Information that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Information.

Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential Information. Any such archival copies that contain or constitute Confidential or Highly Confidential Information remain subject to this Protective Order.

18. Any nonparty producing Confidential or Highly Confidential Information in this Action may be included in this Protective Order by endorsing a copy of it and delivering the endorsed copy to the party that made the request for information. The Requesting Party, in turn, shall file the endorsed copy with the Court and serve it on counsel for the other parties. The parties to this Action may designate information produced by other parties or nonparties as Confidential or Highly Confidential as consistent with the terms and provisions of this Protective Order.

In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential or Highly Confidential Information produced by or obtained from any Disclosing Party until the newly joined parties or their counsel confirm in writing to all other parties that they have read this Protective Order and agree to be bound by its terms.

19. In the event that a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Confidential or Highly Confidential and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Disclosing Party. Once the Disclosing Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

20. If any Confidential or Highly Confidential Information is used in open court during any proceeding or introduced into evidence as a trial exhibit, the material loses its confidential status and becomes part of the public record, unless the Disclosing Party applies for and obtains an order from the Court specifically maintaining the confidential status of the material. Before any court proceeding where Confidential or Highly Confidential Information will be used, the Parties must confer in good faith on procedures to protect the confidentiality of any of the Confidential or Highly Confidential Information.

21. Nothing in this Protective Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

22. The parties agree that a designation of information as Confidential or Highly Confidential is not intended to be and shall not be construed as an admission that the Confidential

or Highly Confidential Information is relevant to a party's claims or defenses, nor subject to an applicable privilege or protection.

23. Nothing in this Protective Order shall be deemed an admission that any particular Confidential or Highly Confidential Information is entitled to protection under this Protective Order, Federal Rule of Civil Procedure 26(c) or any other law.

24. The treatment accorded under this Protective Order shall survive the termination of this Action.

25. This Protective Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Protective Order, or from agreeing with the other parties to modify this Protective Order, subject to the Court's approval.

26. The Parties agree that information exchanged among them in *Patrick Byrne v. Ameris Bank*, Case No. 8:24-cv-1989 (C.D. Cal.) (the "California Action") may be used in this Action, subject to the re-production of such information in this Action. Information designated Confidential or Highly Confidential in the California Action shall automatically be designated Confidential or Highly Confidential in this Action, as applicable, without the need for a Party to redesignate the same. For the avoidance of doubt, this Protective Order shall govern the use of said information in this Action and shall not govern or otherwise impact the use of said information in the California Action.

27. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," pursuant

to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Dated: September 14, 2026

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Megan Ix Brison*
Elizabeth Wilburn Joyce (No. 3666)
Megan Ix Brison (No. 6721)
1000 N. West Street, Suite 1501
Wilmington, Delaware 19801
(302) 652-8400
ewj@skjlaw.com
mib@skjlaw.com

OF COUNSEL

Benjamin J. Razi (*pro hac vice*)
Covington & Burling LLP
One CityCenter
Washington, DC 20001
(202) 662-5463
brazi@cov.com

Robert C. Gianchetti (*pro hac vice*)
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001
(212) 841-1159
rgianchetti@cov.com

*Counsel for Plaintiff/Counterclaim-Defendant*

REED SMITH LLP

*/s/ Benjamin P. Chapple*
Benjamin P. Chapple (No. 5871)
John T. Miraglia (No. 6682)
1201 North Market Street, Suite 1500
Wilmington, Delaware 19801
(302) 778-7500
bchapple@reedsmith.com
jmiraglia@reedsmith.com

OF COUNSEL

Stacey A. Villagomez (*pro hac vice*)
Allen Matkins
2010 Main Street, 8th Floor
Irvine, CA 92614
(213) 955-5637
svillagomez@allenmatkins.com

Matthew T. Sessions (*pro hac vice*)
Allen Matkins
2010 Main Street, 8th Floor
Irvine, CA 92614
(949) 553-1313
msessions@allenmatkins.com

*Counsel for Defendants/Counterclaim-Plaintiffs*

IT IS SO ORDERED, this ___ day of _________________, 2026

_____________________________
The Honorable Jennifer L. Hall
United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMERIS BANK,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>PATRICK E. BYRNE, THE PATRICK E. BYRNE REVOCABLE TRUST U/T/A DATED FEBRUARY 23, 2001, and THE PATRICK E. BYRNE IRREVOCABLE TRUST U/T/A DATED JULY 22, 2021,<br><br>Defendants/Counterclaim Plaintiffs. | C.A. No. 1:26-cv-00190-JLH<br><br>(Consolidated) |

**ACKNOWLEDGEMENT**

I, ______________________________, declare that:

1. I have received a copy of the Stipulation and Protective Order ("Protective Order") in this Action.

2. I have carefully read and understand the provisions of this Protective Order and I agree to abide by its terms.

3. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this Action any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" that I receive in this Action, except to the extent that such information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" is or becomes public domain information or otherwise is not deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in accordance with the Protective Order.

**EXHIBIT A**

4. I agree that at the conclusion of the litigation, I will return all confidential information to the party or attorney from whom I received it, or destroy such confidential information as requested.

5. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Protective Order.

6. I understand that disclosure of information designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in violation of the Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

____________________________ ____________________________

Date Signature