**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMERIS BANK,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>PATRICK E. BYRNE, THE PATRICK E. BYRNE REVOCABLE TRUST U/T/A DATED FEBRUARY 23, 2001, and THE PATRICK E. BYRNE IRREVOCABLE TRUST U/T/A DATED JULY 22, 2021,<br><br>Defendants/Counterclaim Plaintiffs. | C.A. No. 1:26-cv-00190-JLH<br><br>(Consolidated) |

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTERCLAIMS/SECOND AMENDED COMPLAINT**

Plaintiff Ameris Bank ("Plaintiff" or "Ameris") respectfully requests that the Court consider the documents identified below that are either incorporated by reference into Defendants' putative Second Amended Complaint/Counterclaims (D.I. 48-1) (the "Second Amended Complaint") or subject to judicial notice, in connection with Plaintiff's Answering Brief in Opposition to Defendants' Motion for Leave to File Counterclaims/Second Amended Complaint, filed contemporaneously herewith.

"The standard for assessing futility [of amendment] is the same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010). When evaluating a motion to dismiss under Rule 12(b)(6), courts may consider facts that are "incorporated by reference" or "subject to judicial notice." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Federal Rule of Evidence 201 further provides that a court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Under Federal Rule of Evidence 201, if requested by a party, a court must take judicial notice of documents that are not subject to reasonable dispute and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002); *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (Alito, J.). Judicial notice may be taken at any stage of the proceeding. Fed. R. Evid. 201(d).

Exhibits 1, 3, and 6 to the accompanying Declaration of Megan Ix Brison are incorporated by reference in the putative Second Amended Complaint and are therefore subject to judicial notice. *See Device Enhancement LLC v. Amazon.com., Inc.*, 189 F. Supp. 3d 392, 395 (D. Del. 2016). Exhibits 2, 4, and 5 are subject to judicial notice because they are court filings. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998). A court may take judicial notice of public records outside the pleadings, and judicial proceedings from a different court or case are considered public records. *Redick v. E Mortg. Mgmt., LLC*, 2013 WL 5461616, at *2 (D. Del. Sept. 30, 2013); *see also Natera, Inc. v. ArcherDX, Inc.*, 2020 WL 6043929, at *4 (D. Del. Oct. 13, 2020) (taking judicial notice of briefing and ruling in related action); *Telebrands Corp. v. 1ByOne Prods. Inc.*, 2017 WL 5593785, at *1 n.1 (D. Del. Nov. 21, 2017) (taking judicial notice of documents filed in related action between same parties); *Takata v. Riot Blockchain, Inc.*, 2023 WL 7133219, at *1 n.2 (D.N.J. Aug. 25, 2023) (court "may take judicial notice of . . . court filings").

Accordingly, Ameris respectfully requests that the Court consider Exhibits 1–6 identified below and attached to the Declaration of Megan Ix Brison.

Exhibit 1: Stock Purchase Agreement by and among Ameris, Balboa Capital Corporation, Patrick E. Byrne, The Patrick E. Byrne Revocable Trust U/T/A dated February 23, 2001, and The Patrick E. Byrne

Irrevocable Trust U/T/A dated July 22, 2021, dated as of December 10, 2021.

Exhibit 2: Opening Brief of Patrick E. Byrne, The Patrick E. Byrne Revocable Trust U/T/A dated February 23, 2001, and The Patrick E. Byrne Irrevocable Trust U/T/A dated July 22, 2021 in Support of Their Motion to Dismiss for Improper Venue, dated December 18, 2025, and filed in *Ameris Bank v. Patrick E. Byrne, et al.*, C.A. No. N25C-05-071 KMM CCLD (Del. Super.).

Exhibit 3: Alleged Long-Term Incentive Plan referenced in Defendants' putative Second Amended Complaint and introduced as a trial exhibit in *Patrick Byrne v. Ameris Bank*, No. 24-cv-1989 (C.D. Cal.).

Exhibit 4: Patrick Byrne's First Amended Complaint, dated June 10, 2026, and filed in *Patrick Byrne v. Ameris Bank*, No. 24-cv-1989 (C.D. Cal.).

Exhibit 5: Verdict Form, dated June 11, 2026, and filed in *Patrick Byrne v. Ameris Bank*, No. 24-cv-1989 (C.D. Cal.).

Exhibit 6: Defendants' Demand for Indemnification from Ameris, dated September 29, 2026.

SMITH, KATZENSTEIN & JENKINS LLP

By: /s/ *Megan Ix Brison*
Elizabeth Wilburn Joyce (DE Bar #3666)
Megan Ix Brison (DE Bar #6721)
Lauren A. Black (DE Bar #7048)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
ewj@skjlaw.com
mib@skjlaw.com
lab@skjlaw.com

*Attorneys for Plaintiff/Counterclaim Defendant Ameris Bank*

OF COUNSEL:

Benjamin J. Razi
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
brazi@cov.com

Robert C. Gianchetti
COVINGTON & BURLING LLP
30 Hudson Yards
New York, NY 10001
(212) 841-1000
rgianchetti@cov.com

Dated: November 16, 2026